UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Michael R. Jones

    v.                                      Civil No. 05-cv-347-JD
                                             Opinion No. 2005 DNH 163
McFarland Ford Sales, Inc., et al.


O R D E R


Michael R. Jones filed suit in state court against his
former employer, McFarland Ford Sales, Inc.; its president, Susan
McFarland Moynahan, and his supervisor, Nancy Brewer.  Jones
alleged gender discrimination in violation of Title VII of the
Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, et seq.; violation
of the Fair Labor Standards Act, 29 U.S.C. § 207, and state law
claims including a claim of retaliation in violation of New
Hampshire Revised Statutes Annotated ("RSA") § 354-A:19.  The
defendants removed the case to this court, based on federal
question jurisdiction.  The defendants then moved for partial
judgment on the pleadings.  In response, Jones voluntarily
dismissed several of his claims but objected to dismissal of his
claim in Count V under RSA 354-A:19 brought against Moynahan and
Brewer.

Discussion

"After the pleadings are closed but within such time as not
to delay the trial, any party may move for judgment on the
pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the
pleadings is decided under the same standard as a motion to
dismiss.  Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir.
2005).  When considering a motion for judgment on the pleadings,
the "court must accept all of the nonmoving party's well-pleaded
factual averments as true and draw all reasonable inferences in
her favor."  Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st
Cir. 1998).  Judgment on the pleadings is not appropriate
"'unless it appears beyond doubt that the plaintiff can prove no
set of facts in support of her claim which would entitle her to
relief.'"  Santiago de Castro v. Morales Medina, 943 F.2d 129,
130 (1st Cir. 1991) (quoting Rivera-Gomez v. De Castro, 843 F.2d
631, 635 (1st Cir. 1988)).

Count V of the complaint is captioned as a violation of RSA
354-A:19 by McFarland Ford, Moynahan, and Brewer.  Jones alleges:
"The Defendant, by and through its agents and employees, engaged
in a pattern and practice of adverse acts whether none, in part
or in whole, retaliatory and resulted in the suspension, and
ultimately the termination of, Mr. Jones."  Complaint ¶ 66.  He
then concludes the claim, alleging:  "Defendants, engaged in

2

intentional conduct in violation of the Law Against

Discrimination and with malice and reckless indifference with

respect to Mr. Jones' state protected rights under RSA 354-A:19."

Id. ¶ 67.

The defendants challenge Jones's claim under RSA 354-A:19

against the individual defendants, Moynahan and Brewer.  Jones

has conceded that no individual liability exists for employment

discrimination claims under Title VII and RSA 354-A:7.  He

argues, however, that the retaliation statute, RSA 354-A:19, is

written more broadly and should be interpreted to include

individual liability in the context of his claim.[1]

RSA 354-A:7 applies to discrimination in employment; RSA

354-A:10 applies to discrimination in housing, and RSA 354-A:17

applies to discrimination in public accommodations.  In the

employment context, chapter 354-A prohibits discrimination by an

---

[1]As an initial matter, it is far from clear that Jones
alleged a claim against Moynahan and Brewer under RSA 354-A:19.
Paragraph 66 appears to concede that possibly none of the acts
alleged were retaliatory.  In addition, Jones alleges that
McFarland Ford ("The Defendant") engaged in adverse acts "through
its agents and employees," and follows with an allegation that
the employees' actions were malicious and recklessly indifferent
to his rights.  If those allegations state a violation of RSA
354-A:19 at all, it would appear that the claim is brought
against McFarland Ford, based on the actions and conduct of
Moynahan and Brewer.  Notwithstanding the lack of clarity, the
defendants and Jones interpret the complaint to allege a claim
under RSA 354-A:19 against Moynahan and Brewer, individually.

"employer," meaning an entity with six or more employees.  RSA

354-A:7; RSA 354-A:2, VII (defining "employer").  In the context

of housing and public accommodations, however, the statutes

prohibit discrimination by "any person."  RSA 354-A:10 & 354-

A:17.  It is also an unlawful discriminatory practice for "any

person" to retaliate against a person who has opposed

discriminatory practices or has participated in proceedings under

chapter 354-A.  RSA 354-A:19.[2]  "Person" is defined in the

chapter to include "one or more individuals, partnerships,

associations, corporations, legal representatives, mutual

companies, joint-stock companies, trusts, trustees in bankruptcy,

receivers, and the state and all political subdivisions, boards,

and commissioners thereof."  RSA 354-A:2, XIII.

     The defendants argue that because employment discrimination

claims under RSA 354-A may be brought only against an employer,

not against individuals, the prohibition against retaliation in

RSA 354-A:19 is also limited to employers when retaliation is

---

[2] RSA 354-A:19 provides:

It shall be an unlawful discriminatory practice for any
person engaged in any activity to which this chapter
applies to discharge, expel, or otherwise retaliate or
discriminate against any person because he has opposed
any practices forbidden under this chapter or because
he had filed a complaint, testified or assisted in any
proceeding under this chapter.

claimed in an employment context.  Jones argues that because RSA
354-A:19 uses "person" rather than "employer," it should be
interpreted to allow retaliation claims against "persons" in all
contexts.

The interpretation of a state statute by the highest state
court is binding on federal courts.  Esso Standard Oil Co. v.
Cotto, 389 F.3d 212, 224 (1st Cir. 2004).  The New Hampshire
Supreme Court, however, has not had an opportunity to interpret
the application of RSA 354-A:19.  Therefore, this court will
interpret the statute using the same methods that the New
Hampshire Supreme Court would apply.  See, e.g, Nat'l Pharms.,
Inc. v. Feliciano-de-Melecio, 221 F.3d 235, 241 (1st Cir. 2000).

The New Hampshire Supreme Court interprets state statutes as
a question of law.  Woodview Dev. Corp. v. Town of Pelhan, 152
N.H. 114, 116 (2005).  The court "[f]irst examine[s] the language
of the statute, and where possible, ascribe[s] the plain and
ordinary meanings to the words used."  Steir v. Girl Scouts of
U.S.A., 150 N.H. 212, 214 (2003).  The plain and ordinary meaning
of the statutory language is not taken in isolation but instead
is interpreted within the statutory context.  Franklin Lodge of
Elks v. Marcoux, 149 N.H. 581, 585 (2003).  "Unless [the court]
find[s] the statutory language is ambiguous, [the court] need not
look to legislative intent."  Delucca v. Delucca, 152 N.H. 100,

5

103 (2005).

The defendants point to <u>Tuxford v. Vitts Networks, Inc.</u>, 2002 WL 31689346 (D.N.H. Nov. 18, 2002), in which Judge McAuliffe directed the plaintiff to show cause why an individual defendant was not entitled to summary judgment on her aiding and abetting claim under RSA 354-A:2, XV(d).  The issue in that case was whether an employee, as opposed to a third party extrinsic to the employer, could aid and abet the employer in discriminatory conduct.  <u>Id.</u> at *4.  Because summary judgment was granted due to the plaintiff's failure to name the individual defendant in her administrative complaint, the legal issue under RSA 354-A:2 was not resolved.  <u>Tuxford v. Vitts Networks, Inc.</u>, 2003 WL 118242, at *3 (D.N.H. Jan. 13, 2003).  The <u>Tuxford</u> case, therefore, provides no insight into the application of RSA 354-A:19 in this case.

RSA 354-A:19 states that it is unlawful "for any person engaged in any activity to which this chapter applies" to retaliate as described in the statute.  The activities described in the chapter are employment, housing, and public accommodation. As is noted above, unlawful discrimination in employment is limited to actions by an employer.  RSA 354-A:7.  Therefore, to be engaged in an activity to which chapter 354-A applies in the employment context, the retaliator necessarily would be an

employer.  Because the definition of person would also include

employers, the statute applies to all activities covered by

chapter 354-A.  Taking RSA 354-A:19 in the context of the

statutory scheme of chapter 354-A, as the statute plainly

directs, unlawful retaliation in the employment context is

limited to actions by an employer.  Moynahan and Brewer are

entitled to judgment on the pleadings as to Jones's claim against

them under RSA 354-A:19, as alleged in Count V.


                            Conclusion

     For the foregoing reasons, the defendants' motion for

partial judgment on the pleadings (document no. 6) is granted as

to the plaintiff's claim in Count V against the individual

defendants and is otherwise terminated as moot due to the

stipulation of dismissal (document no. 7).

     SO ORDERED.


                                   _____
                                   Joseph A. DiClerico, Jr.
                                   United States District Judge

December 15, 2005

cc:  Debra Weiss Ford, Esquire
     Douglas W. Macdonald, Esquire


                                7